# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMIR AFSHAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-1104-CV-W-FJG |
| ) | |
| ANN MARIE EVERITT and ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment with Suggestions in Support (Doc. No. 15).

**I.   Facts**

Plaintiff alleges he was engaged to Miss Olga Zvolinscaia.[1] On September 1, 2004, Ann Marie Everitt, a consular officer at the United States Embassy in Bucharest, Romania interviewed Ms. Zvolinscaia about her K-1 fiancee visa application. During that interview, the consular officer questioned Ms. Zvolinscaia about her knowledge of plaintiff's prior divorces and name change. Ms. Zvolinscaia did not know about plaintiff's divorces or name change. On September 1, 2004, the consular officer refused Ms. Zvolinscaia's application for a K-1 visa under 8 U.S.C. § 1201(g).

---

[1]Plaintiff is no longer engaged to Miss Zvolinscaia. Plaintiff represents to the Court that on March 3, 2005, Miss Zvolinscaia married a German native-citizen-resident. See Doc. No. 17.

Consular sections do not maintain files under the names of visa petitioners but rather the names of visa applicants. Thus, any information concerning plaintiff was filed and retrieved using Ms. Zvolinscaia's (the visa applicant's) name as opposed to plaintiff's (the visa petitioner's) name. See Decl. of James P. Theis (Ex. 1 to Doc. No. 15), and Decl. of Jeffry H. Gorsky (Ex. 2 to Doc. No. 15).

On or about December 14, 2004, plaintiff served his pro se Second Amended Complaint ("Amended Complaint") on United States Attorney Todd P. Graves. In his Amended Complaint, plaintiff alleged that defendants "committed unlawful disclosure of the plaintiff's records and unlawful denial of visa to the plaintiff's fiancee."

**II.    Standard**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). The Court may consider matters outside the pleadings to determine jurisdictional issues. Osborn, 918 F.2d at 729.

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted). Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**III.   Analysis**

In plaintiff's amended complaint, plaintiff has made claims for (1) unlawful denial of fiancee visa; and (2) unlawful disclosure of records pursuant to 5 U.S.C. § 552(g)(1)(D). Each of these claims will be examined below.

**A.   Unlawful Denial of Fiancee Visa**

In this count, plaintiff seeks (1) to compel the United States Embassy in Bucharest

to issue a fiancee visa to Miss Zvolinscaia;[2] and (2) monetary damages.  Plaintiff alleges that consular officer Ann Marie Everitt interviewed Miss Zvolinscaia and refused her application for a K-1 visa on September 1, 2004.

Defendants state that this Court has no jurisdiction to review plaintiff's visa denial claim.  Under the doctrine of consular nonreviewability, courts have long found that consular decisions as to immigrant visa applications are not subject to judicial review.  See Centeno v. Shultz, 817 F.2d 1212, 1213 (5th Cir. 1987), cert. denied, 484 U.S. 1005 (1988); Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970-71 (9th Cir. 1986); Ventura-Escamilla v. INS, 647 F.2d 28, 30 (9th Cir. 1987); Rivera de Gomez v. Kissinger, 534 F.2d 518, 519 (2d Cir.), cert. denied, 429 U.S. 897 (1976); Doan v. INS, 990 F.Supp. 744, 746 (E.D. Mo. 1997); Romero v. Consulate of the U.S., Barranquilla, 860 F.Supp. 319, 322 (E.D. Va. 1994).  As discussed by defendant, the doctrine of consular nonreviewability is generally without exception, even if the decisions are alleged to have been made contrary to reason or department regulations.  See Romero, 860 F.Supp. at 322; Burrafato v. Department of State, 523 F.2d 554 (2d Cir. 1975), cert. denied, 424 U.S. 910 (1976); Ventura-Escamilla v. INS, 647 F.2d 28 (9th Cir. 1981); Centeno, 817 F.2d at 1213.  The only exception to the doctrine of consular nonreviewability appears to be when the challenged consular decision interferes with the constitutional rights of U.S. citizens.  See Abourezk v. Reagan, 785 F.2d 1043, 1050 (D.C. Cir. 1986).  No violation of plaintiff's constitutional rights is alleged in the present

---

[2]Plaintiff's request to compel the issuance of a visa to Miss Zvolinscaia is now moot, as plaintiff represents that Miss Zvolinscaia married a German native-citizen-resident on March 3, 2005.  See Doc. No. 17.

4

matter.

Plaintiff counters that the doctrine of consular nonreviewability is no longer viable, as the Department of Homeland Security was created on November 25, 2002, and somehow creation of this department has abrogated the doctrine of consular nonreviewability. However, plaintiff cites no case law or statutory law for this proposition; instead, he cites advisory cables issued by the U.S. Department of State that provide guidelines for the issuance or denial of visas. These advisory cables do not abrogate the doctrine of consular nonreviewability. In fact, several cases decided since November 2002 have held that the doctrine of consular nonreviewability is still viable. See Dong v. Ridge, 2005 WL 1994090 (S.D. N.Y., Aug. 15, 2005); El-Hadad v. United States, 377 F.Supp.2d 42, 46 (D. D.C. 2005); Antonenko v. Department of State, 2004 WL 1080159 (D.C. Cir., May 13, 2004).

Therefore, as the doctrine of consular nonreviewability applies in this situation, the Court is without jurisdiction to consider plaintiff's claims regarding denial of Miss Zvolinscaia's fiancee visa. Defendants' motion to dismiss these claims (Doc. No. 15) is **GRANTED.**

### B. Unlawful Disclosure of Information

Defendants state that plaintiff's Privacy Act claim for unlawful disclosure of personal information (1) fails to state a claim upon which relief can be granted (see Fed. R. Civ. P. 12(b)(6)); and (2) should be subject to summary judgment due to inability to satisfy an essential element of his privacy act claim. Both of these grounds for dismissal of plaintiff's Privacy Act claim will be considered below.

### 1. Failure to State a Claim upon which Relief can be Granted

5

U.S.C. § 552a(g)(1)(D) provides:

> Whenever any agency . . . (D) fails to comply with any other provision of [the Privacy Act], or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this section.

The Privacy Act prohibits an agency from disclosing "any record which is contained in a system of records" to any person or other agency, absent consent of the individual, unless certain statutory exceptions are met. 5 U.S.C. § 552a(b). A "record" is defined as information about an individual that is maintained by the agency and that contains the individual's name or personal indentifier. 5 U.S.C. § 552a(a)(4). A "system of records" is defined as "any group of records under the control of the agency from which information is retrieved by the name of the individual or by some . . . identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

As subsection (g)(1)(D) of the Privacy Act provides for civil actions against <u>agencies</u> and not individual agency employees, plaintiff's claim against defendant Everitt under the Privacy Act is **DISMISSED.**

Defendants state that plaintiff's Privacy Act claim is also subject to dismissal because plaintiff has failed to allege necessary elements of a wrongful disclosure claim under § 552a(g)(1)(D). Plaintiffs must allege the following elements to maintain a wrongful disclosure claim: (1) the information released was covered by the Privacy Act as a "record" contained in a "system of records"; (2) an agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff; and (4) the disclosure was willful or

6

intentional. Davis v. Runyon, 1998 WL 96558, at *4-5 (6th Cir., Feb. 23, 1998)(citing Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992).

Defendants state that the complaint does not allege that the information disclosed to plaintiff's fiancee (that he had been divorced four times and had changed his name) was retrieved from a "system of records." See Mumme v. U.S. Department of Labor, 150 F.Supp.2d 162, 175 (D. Me. 2001). Additionally, plaintiff does not allege that the unlawful disclosure was "willful," and Courts have required a high degree of culpability before determining that disclosure was willful. See Wisdom v. HUD, 713 F.2d 422, 425 (8th Cir. 1983)(noting that for liability to attach, violation of the Act must be so "patently egregious and unlawful" that anyone making the violation would know it to be unlawful); Albright v. United States, 732 F.2d 181, 189-90 (D.C. Cir. 1984)(requiring agency to "act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act").[3]

Plaintiff has not timely sought leave to amend his complaint to properly allege the required elements of his wrongful disclosure claim. See the Court's Scheduling and Trial Order, Doc. No. 24, which provides a deadline of May 23, 2005, for motions to amend pleadings. As discussed in Mumme, "[e]ven though the Court must construe liberally pro se

---

[3]Defendants also argue that plaintiff has not sufficiently alleged causation of "adverse effects." However, the Court does not agree with defendant's reading of the amended complaint in this regard. See Doc. No. 10, ¶ 33 ("Defendant Everitt's actions have adversely affected the plaintiff's relationship. On an upswing since November 2003, the plaintiff and Ms. Zvolinscaia's relationship that consumed nearly $13,000, not to mention a year of their lives, gradually began to dissipate after the interview with the defendant Everitt.").

7

plaintiffs, 'pro se status does not insulate a party from complying with procedural and substantive law.'" See 150 F.Supp.2d at 175. As plaintiff has failed to allege in his Privacy Act claim that the information allegedly improperly disclosed was (1) information contained in a "system of records," and (2) willfully disclosed, plaintiff has failed to state a claim under the Privacy Act. See id. Therefore, defendant's motion to dismiss (Doc. No. 15) is **GRANTED.**

### 2. Summary Judgment

Defendants also argue that summary judgment over plaintiff's Privacy Act claim is proper because in order for the protections of the Privacy Act to apply, plaintiff's records must be indexed and retrieved by plaintiff's name or personal identifier, not the name or personal identifier of a third party. See Crumpton v. United States, 843 F.Supp. 751, 756 (D. D.C. 1994), aff'd 59 F.3d 1400, cert. denied 516 U.S. 1147 (Privacy Act did not apply to disclosure of records containing information about plaintiff, who was a military offer's wife, when the records were retrieved by her deceased husband's name/identifiers); see also Barhorst v. Marsh, 765 F.Supp. 995, 999-1000 (E.D. Mo. 1991)(providing that mere potential for retrieval by name or other identifier is insufficient to meet the "system of records" requirement). Defendants have provided declarations indicating that Consular Sections do not maintain files under the names of visa petitioners (such as plaintiff), but rather files are maintained under the name of the visa applicant.

Plaintiff does not provide evidence in his response in opposition refuting defendants' declarations; instead, plaintiff complains that this is unfair because it "would mean that every American's data is subject to disclosure so long as the records are kept or found under" the

8

names of others.[4]  Unfair or not, the statute does not provide for an alternate interpretation; "system of records" means "a group of any records under control of any agency from which information is retrieved <u>by the name of the individual</u> or by some identifying number, symbol, or other identifying particular <u>assigned to the individual</u>." 5 U.S.C. § 552a(a)(5) (emphasis added).  The Court cannot and will not modify the statute to fit plaintiff's situation.  Because plaintiff cannot demonstrate that the information revealed was retrieved under plaintiff's name or personal identifier, defendants' motion for summary judgment (Doc. No. 15) is **GRANTED.**

### C.     Issues Raised by Plaintiff in his Response to the Pending Motion

Plaintiff also alleges in his response to the pending motion that defendants have violated (1) the Federal Tort Claims Act; (2) Section 1983; and (3) <u>Bivens</u>.  Plaintiff did not file a motion for leave to amend his complaint, and the time for filing such motions has passed.  However, even if plaintiff had filed a motion for leave to amend, these claims are futile and leave would not have been granted.  As discussed by defendants, there is no evidence plaintiff has exhausted remedies, so any Federal Tort Claims Act claims must fail.  <u>See</u> <u>McNeil v. United States</u>, 508 U.S. 106 (1993).  Further, section 1983 is not applicable

---

[4]Plaintiff recently submitted additional information to the Court indicating that, because his petition for alien fiancee has only space enough for <u>two</u> former wives to be listed, the Consular Office "must have" retrieved the information on his two other former wives from a separate computer using plaintiff's identifiers.  <u>See</u> Doc. No. 30, p. 3; Doc. No. 31, p. 6.  Plaintiff provides no evidence from which the Court could find that plaintiff's name or identifiers were used by the Consular Office.  <u>See</u> <u>Fed. R. Civ. P. 56(e)</u>; <u>Lower Brule Sioux Tribe v. South Dakota</u>, 104 F.3d 1017, 1021 (8th Cir. 1997).  Plaintiff must demonstrate more than a "metaphysical doubt" as to the facts in order to survive summary judgment; and here, plaintiff has failed to do so.

9

to federal actors.  See Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997).  Finally, Bivens actions are preempted where Congress has provided a complete remedial scheme [the Privacy Act] to address wrongs like the ones alleged by plaintiff.  See Downie v. City of Middleburg Heights, 301 F.3d 688, 695 (6th Cir. 2002).

Therefore, because (1) plaintiff failed to request leave to add these claims, and (2) addition of these claims to this lawsuit would be futile, all plaintiff's claims are **DISMISSED.**

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 15) is **GRANTED IN FULL**, and all remaining pending motions are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Amir Afshar
10226 Rosehill Road
Lenexa, KS 66215-1832

**IT IS SO ORDERED.**

 /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:     October 31, 2005     .
Kansas City, Missouri.